```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
 JOSELINE CLERMONT,                          :
                                             :
                      Plaintiff,             :
                                             :   MEMORANDUM DECISION AND
            -against-                        :   ORDER
                                             :
 OTG CONCESSIONS MANAGEMENT                  :   24-cv-6590 (BMC)
 LLC, and JOHN AND JANE DOE,                 :
                                             :
                      Defendants.            :
----------------------------------------------------------X
```

**COGAN**, District Judge.

This discrimination, retaliation, and hostile work environment suit is before the Court on defendant OTG Concessions Management LLC's motion to dismiss. For the reasons set forth below, defendant's motion is denied.

## SUMMARY OF AMENDED COMPLAINT

Plaintiff is a Hispanic woman who worked as a barista at Terminal 5 in John F. Kennedy International Airport for defendant from December 14, 2022 through February 3, 2023. Plaintiff alleges that her supervisor, Keshana LNU, made multiple discriminatory remarks to her, causing her to seek medical treatment, that higher-level supervisors refused to address these issues, and that, after taking short term disability leave due to Keshana's behavior, plaintiff was terminated.

The first incident occurred on January 6, 2023, a little over three weeks into plaintiff's employment. According to the amended complaint, "Keshana yelled at [plaintiff] for no reason and then aggressively asked if she had taken her break." When plaintiff responded that she had not taken her break yet because she was busy assisting customers, Keshana told plaintiff that she had not answered Keshana's question, and asked plaintiff if she was stupid. Keshana then stated, in front of customers and other employees, that "all Spanish people are stupid."

That same day, plaintiff told a higher-level supervisor, Terminal Director Kent Tiller, about Keshana's conduct. Tiller responded that plaintiff should "take a shot of whiskey and that it would all be okay." As a result of this incident, plaintiff "became extremely panicked and stressed." Plaintiff went to the hospital and was diagnosed with episodic paroxysmal anxiety.

Plaintiff continued to take her concerns about Keshana to Tiller, including informing him about her visit to the hospital, but Tiller still took no action. Due to Tiller's inaction, plaintiff approached a second Terminal Director, Justin Winger. He told plaintiff that he "would monitor Keshana," but did nothing to address plaintiff's complaints.

Three weeks after the first incident, on January 27, 2023, plaintiff again experienced hostility from Keshana. Keshana instructed plaintiff to report to Gate 6, but plaintiff did not know where Gate 6 was. When she hesitated to follow Keshana's instruction, "Keshana asked if [plaintiff] wanted her to repeat the direction in Spanish because 'Spanish people are slow.'" This interaction caused plaintiff to have a panic attack. A nearby employee called an ambulance and plaintiff was taken to the hospital, where she was diagnosed with generalized anxiety disorder. When plaintiff was discharged from the hospital, she reported this incident to "OTG management," and applied for and was granted short term disability leave.

Plaintiff told Tiller on January 30, 2023 that "she had been forced to go to the emergency room because of Keshana's hostility and racist statements and attitude, and the failure by management to address Keshana's inappropriate and unlawful behavior."

Four days later, on February 3, 2023, plaintiff returned from short term disability leave and was terminated that same day. A manager, Shanique Mahoney, informed plaintiff of her termination and handed plaintiff a form which stated that the "Type of Offense" was "Other: Probationary Period Failure." The form stated that plaintiff's probationary period would end on

2

February 27, 2023, ten weeks and five days after plaintiff started working for defendant, and that plaintiff's employment would "not . . . continue . . . beyond the probation period." However, plaintiff was terminated on February 3, not February 27. And no one had ever informed plaintiff that she was on probation or that there were any problems with her performance.

The same day plaintiff was terminated, she went to the hospital to seek emergency medical care. She was diagnosed with a panic disorder and prescribed anti-anxiety medication.

Plaintiff contacted a human resources employee the next day to ask about why she had been terminated. Plaintiff received a letter stating that her "employment is being terminated effective immediately . . . after a careful review of [her] work performance during the three months of employment." Plaintiff was employed by defendant for less than two months.

Based on the above allegations, plaintiff brings claims for discrimination in violation of 42 U.S.C. § 1981 and the New York City Human Rights Law (the "NYCHRL"); retaliation in violation of the same; and hostile work environment in violation of the NYCHRL. Defendant has moved to dismiss the two Section 1981 claims for failure to state a claim and requests that the Court decline to exercise supplemental jurisdiction over plaintiff's city law claims.

**LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). On a motion to dismiss, "a court must accept as true all [factual] allegations contained in a complaint" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted).

**DISCUSSION**

I. **Discrimination**

To state a claim for discrimination under Section 1981, "a plaintiff must allege '(1) the plaintiff is a member of a racial minority; (2) defendant's intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities.'" Flanagan v. Girl Scouts of Suffolk Cnty., Inc., No. 23-cv-7900, 2025 WL 1501751, at *3 (2d Cir. May 27, 2025) (summary order) (quoting Felder v. U.S. Tennis Ass'n, 27 F.4th 834, 848 (2d Cir. 2022)). Considering the second requirement, that the defendant intended to discriminate on the basis of race, "a plaintiff must initially plead . . . that, but for race, it would not have suffered the loss of a legally protected right." Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 589 U.S. 327, 341 (2020); see also Flanagan, 2025 WL 1501751, at *3 (quoting Comcast, 589 U.S. at 341). "An employer is liable under [S]ection 1981 where the action complained of was that of a supervisor." Shen v. A&P Food Stores, No. 93-cv-1184, 1995 WL 728416, at *4 (E.D.N.Y. Nov. 21, 1995) (cleaned up).

Here, plaintiff alleges that she is Hispanic[1] and the discrimination she alleges relates to Section 1981's enumerated activities, namely the right "to make and enforce contracts," which includes "conditions of a contractual relationship, such as employment." Patterson v. Cnty. of Oneida, 375 F.3d 206, 224 (2d Cir. 2004) (quoting 42 U.S.C. § 1981; citing Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 68-69 (2d Cir. 2000)). Defendant asserts that where plaintiff's Section 1981 discrimination claim falters is the intent requirement: that the

---

[1] Section 1981's prohibition against racial discrimination extends to ancestral and ethnic discrimination as well. Vill. of Freeport v. Barrella, 814 F.3d 594, 605 (2d Cir. 2016). And the Second Circuit has held that "Hispanics clearly constitute an ethnic group" for purposes of Section 1981." Id. at 605 (footnote omitted); see also Bautista v. PR Gramercy Square Condo., 642 F. Supp. 3d 411, 423 (S.D.N.Y. 2022) (same).

4

amended complaint fails to plausibly allege that discrimination was the but-for cause of plaintiff's loss of her legally protected right to continue her employment relationship.

Plaintiff alleges that, in the month leading up to her termination, she was yelled at twice by her supervisor, both times with discriminatory statements about plaintiff's Hispanic identity. Then, when she reported these instances to higher-up managers, they either did nothing or told plaintiff to "take a shot of whiskey and that it would all be okay." Considering these discriminatory comments, linked to plaintiff's ability to perform her job and made by a decisionmaker over plaintiff's employment in close temporal proximity to plaintiff's termination, as well as the fact that other decisionmakers made light of the situation and took no action when plaintiff came to them with these incidents, plaintiff has adequately pled that she would not have been fired but for the fact that she is Hispanic. See Knox v. CRC Mgmt. Co, 134 F.4th 39, 48 (2d Cir. 2025) (discriminatory comments made not long before the plaintiff's firing plus supervisors' failure to take action on the plaintiff's complaint about racial harassment were sufficient "to make out a prima facie case of discriminatory discharge" under Section 1981).[2]

Plaintiff's claim that she was terminated for taking short term disability leave does not defeat her claim that, but for being Hispanic, she would not have been fired. See Banks v. Gen. Motors, LLC, 81 F.4th 242, 275 (2d Cir. 2023) ("[T]here can be more than one 'but-for' cause of an adverse employment action." (citing Bostock v. Clayton Cnty., 590 U.S. 644, 656 (2020)). Defendant's motion to dismiss plaintiff's Section 1981 discrimination claim is thus denied.

---

[2] See also Johnson v. L'Oreal USA, No. 21-cv-2914, 2023 WL 2637456, at *4 (2d Cir. March 27, 2023) (summary order) (discriminatory intent requirement may be satisfied through remarks where those remarks are made by a decisionmaker in relation to, and in close proximity to, the employment decision at issue, and a reasonable juror could view the remarks as discriminatory (quoting Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 149 (2d Cir. 2010)); Davis v. Winston Preparatory Sch., No. 21-cv-8209, 2025 WL 1795350, at *9 (S.D.N.Y. June 30, 2025) ("A court may likewise consider a decisionmaker's failure to conduct an adequate investigation or undertake an appropriate response to alleged discriminatory conduct as evidence of discrimination or liability." (cleaned up)).

## II.     Retaliation

To state a claim for retaliation under Section 1981, a plaintiff must plead: "(i) she engaged in protected activity; (ii) the defendant was aware of that activity; (iii) plaintiff suffered an adverse employment action; and (iv) there was a causal connection between the protected activity and that adverse action." Moy v. Napoli Shkolnik, PLLC, No. 23-cv-3788, 2024 WL 3498131, at *11 (S.D.N.Y. July 22, 2024) (cleaned up). Just as with a discrimination claim, the causal connection required for a retaliation claim is that "the retaliation was a 'but-for' cause of the employer's adverse action." Banks, 81 F.4th at 275 (quoting Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 90 (2d Cir. 2015)). And, here too, "there can be more than one 'but-for' cause of an adverse employment action." Id. (citing Bostock, 590 U.S. at 656). But-for causation "may be shown by direct evidence of retaliatory animus or inferred through temporal proximity to the protected activity[, except that] temporal proximity between a protected activity and an adverse employment action is insufficient to survive a motion to dismiss where the alleged causal connection between the two events is 'highly speculative.'" Moy, 2024 WL 3498131, at *12 (internal quotation marks and quotations omitted).

Plaintiff alleges that she complained to two supervisors about Keshana's discriminatory remarks, which is a protected activity. See Moore v. Hadestown Broadway LLC, 722 F. Supp. 3d 229, 246 (S.D.N.Y. 2024) ("Complaining to a supervisor, instituting litigation, or filing a formal complaint about the defendant's discriminatory conduct are each considered protected activities." (citation omitted)). Moreover, plaintiff's complaints "about Keshana's racist and insulting comments" put defendant "on notice that plaintiff's complaints were about discrimination, not just general unsatisfactory or unfair conduct," satisfying the second

6

requirement to state a claim for retaliation. Id. (cleaned up). Nor do the parties dispute that the third requirement is met, of an adverse employment action: plaintiff was terminated.

Considering whether plaintiff has plausibly alleged the last requirement, that but for the retaliation, plaintiff would not have been fired, plaintiff alleges that, less than one month from when plaintiff first complained about Keshana's racist comments to supervisors, and four days after the last time she complained about Keshana's racist comments, she was terminated. "Plaintiff's allegation that her termination occurred within days after her complaints of discrimination is sufficient to plausibly support an indirect inference of causation." Id. at 256 (quoting Littlejohn v. City of N.Y., 795 F.3d 297, 319-20 (2d Cir. 2015)) (cleaned up). "Such a short period of time between protected activity and adverse employment action is comfortably within the range of time sufficient to support an indirect causal nexus." Id. (citing Vega, 801 F.3d at 90-92; Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010)).

There is nothing "highly speculative" about the causal connection between plaintiff's complaints to her supervisors and her termination: accepting plaintiff's factual, nonconclusory allegations as true, plaintiff complained about Keshana's discrimination, the supervisors told plaintiff to calm down and brushed her off, and then they fired her when she continued to complain. Accordingly, plaintiff has adequately pled a claim for retaliation under Section 1981.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's amended complaint is denied. Because the Court retains jurisdiction over plaintiff's federal claims, it does not reach

defendant's request that the Court decline to exercise supplemental jurisdiction over plaintiff's city law claims at this time.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated:  Brooklyn, New York
        September 17, 2025